■ In the Matter of WILLIAM R. DAGGETT, Appellant, v. DANIEL A. PUTNAM et al., Constituting the Board of Zoning Appeals of the Town of Dunkirk, et al., Respondents. — Judgment unanimously reversed on the law, with costs, and judgment granted in accordance with the following Memorandum: Prior to October 20, 1958, petitioner constructed two concrete pads and installed two trailers on his property in the Town of Dunkirk. At that time there was no ordinance restricting mobile homes or trailer parks. On October 20, 1958, an ordinance to license and regulate mobile homes and trailer parks became effective. Petitioner applied for a trailer park license and, when it was refused, he instituted an article 78 proceeding to compel the issuance of one. That proceeding was settled in March, 1959 pursuant to a stipulation that provided that the town would issue two licenses for the trailers then on petitioner's property and would issue a third license for a trailer to be placed on the property for the use of petitioner's family. In May, 1959 petitioner applied for and received three licenses but never installed the third trailer. ¶ A zoning ordinance, which became effective in June, 1959, placed petitioner's property in an R1 Zone and provided that no trailer could be used for residence purposes in an R1 Zone. This ordinance converted plaintiff's use into a nonconforming one. (Town of Somers v. Camarco, 308 N. Y. 537; People v. Miller, 304 N. Y. 105.) The zoning ordinance also provided that the failure to exercise a nonconforming use for a period of one year or more terminated the nonconforming use. Petitioner maintained two trailers on his property until 1964 when he removed one of them, and from 1964 until 1970, maintained only one trailer on his property. In 1970 he placed a second trailer on his property and was directed by respondent to remove it. ¶ Special Term found that petitioner had two nonconforming uses and abandoned one of them by failure to use it for a period of over one year. Abandonment does not result unless the discontinuance of use is complete. (Baml Realty v. State of New York, 35 A D 2d 857; City of Binghamton v. Gartell, 275 App. Div. 457.) Since petitioner had one trailer on his property at all times, there was not a complete cessation of his nonconforming use and his right to maintain two trailers has not been abandoned. (Appeal from judgment of Chautauqua Special Term dismissing petition to annul determination of Zoning Board.) Present — Del Vecchio, J. P., Marsh, Garbrielli, Moule and Henry, JJ.