■ RAYMOND BARRON, as Executor of GEORGE A. BARRON, Deceased, Respondent, v MICHAEL E. GETNICK et al., Constituting the Board of Appeals of the Town of Kirkland, Appellants. — Judgment unanimously vacated, on the law, without costs, determination annulled and petition dismissed. Memorandum: The Zoning Board of Appeals of the Town of Kirkland was without jurisdiction to make the determination which is the subject of this appeal. Subdivision 2 of section 267 of the Town Law authorizes the Town Board to appoint a board of appeals and provides that "[s]uch board of appeals shall hear and decide

appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article." Thus, the statute clearly gives the Board of Appeals only appellate jurisdiction (see 2 Anderson, NY Zoning Law and Practice [3d ed], § 22.37, p 146). Not inconsistent with the statutory provision is section 49 (subd a) of article X of the Town of Kirkland Zoning Ordinance which grants to the Board of Appeals the power of interpretation "[o]n appeal from a determination of the Building Inspector to hear and decide on questions where it is alleged that there is an error in any order, requirement, decision or determination made by the Building Inspector involving the interpretation of any provision of this Ordinance".

The ordinance provides that the building inspector is charged with its enforcement (Town of Kirkland Zoning Ordinance, art IX, § 39). Petitioner made no application for the relief requested to the building inspector nor did the latter make any determination. Consequently, petitioner is not aggrieved nor, under the circumstances, did the Zoning Board of Appeals have jurisdiction to consider the matter without a prior determination made by the building inspector.

Were we to reach the merits of the dispute, we would agree with Special Term that the determination of the Board was erroneous. Municipal corporations do not have inherent power to enact zoning laws, such authority being derived from and limited by enabling acts legislatively provided (1 Anderson, NY Zoning Law and Practice [3d ed], § 6.04, p 202). The Court of Appeals has held that in New York "nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (*People v Miller,* 304 NY 105, 107). Although enforcement of a zoning regulation against a prior nonconforming use will be sustained "where the resulting loss to the owner is relatively slight and insubstantial", an existing nonconforming use will be permitted to continue if "enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner" (*People v Miller, supra,* pp 108, 109). We have previously held that a landowner who has multiple mobile homes on his property as a nonconforming use has the right to place a new trailer on the property after an old one has been removed (*Matter of Daggett v Putnam,* 40 AD2d 576). (Appeal from judgment of Supreme Court, Oneida County, Stone, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.