OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified.
The Zoning Board of Appeals of the Village of Dobbs Ferry (ZBA) appeals from an order of the Appellate Division which *968 affirmed Special Term’s judgment annulling the ZBA’s decision to deny petitioner’s application for a special building permit to restore a building on his property. Petitioner owns a parcel of land located in the Village of Dobbs Ferry which has two structures located on it. In the front of the lot is a three-family dwelling and in the rear is a one-family house. The prior owner of the land lived in the one-family house and rented out the other building. A local zoning ordinance was passed sometime prior to 1969 which made such use nonconforming since it only permitted one two-family structure on the lot in question. Both the one-family and the three-family dwellings continued to be occupied as existing nonconforming uses until 1969. Between 1969 and 1984 the rear structure remained vacant while the front dwelling continued to be used. In 1984, petitioner purchased the property and applied for a permit to renovate the rear building. Petitioner’s application was denied by the village building inspector and the decision was affirmed by the ZBA. The ZBA held that the use of the property for four families had been abandoned and that under the Dobbs Ferry Code an abandoned nonconforming use cannot be resumed (see, Village of Dobbs Ferry Code § 300-81B).
Abandonment does not occur unless there has been a complete cessation of the nonconforming use (see, Matter of Daggett v Putnam, 40 AD2d 576; Baml Realty v State of New York, 35 AD2d 857; City of Binghamton v Gartell, 275 App Div 457, 460; see also, Barron v Getnick, 107 AD2d 1017, 1018). Here, there was no evidence before the ZBA that the entire nonconforming use had been abandoned. Thus, the petition was properly granted and the determination of the ZBA annulled.
Supreme Court’s order as affirmed by the Appellate Division remitted the matter to the ZBA to determine whether the petitioner’s application sought to improperly extend or enlarge the structure. However, inasmuch as petitioner’s application before the ZBA only sought to restore the rear structure to its former condition, and in light of the ZBA’s request that the matter not be remitted, Supreme Court’s order should be modified by deleting the provision ordering such remittal.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the *969 Rules of the Court of Appeals (22 NYCRR 500.4), order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to petitioner.