■ Town of Islip, Respondent, v P.B.S. Marina, Inc., et al., Appellants.—In an action to permanently enjoin the defendants from operating a marina in the community of Seaview, Fire Island, Town of Islip, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated May 4, 1987, which, after a nonjury trial, permanently enjoined them from operating the marina.

Ordered that the judgment is reversed, on the law, with costs, and the action is dismissed.

We find that the plaintiff failed to prove that there was a termination through discontinuance of the appellants' approximately 40-year, preexisting, nonconforming use of the subject property as a marina. Town of Islip Code § 68-15 (B) provides that "discontinuance of any nonconforming use for a period of one year or more terminates such non-conforming use of a * * * premises and thereafter said * * * premises shall not be used except in conformity with [the] provisions of this ordinance". "Such a provision is deemed to supply as a matter of law the element of intent, so that discontinuance of the nonconforming use for such period, if reasonable in length, amounts to an abandonment of the use" *(Village of Spencerport v Webaco Oil Co.,* 33 AD2d 634; *see, Baml Realty v State of New York,* 35 AD2d 857; *Matter of Daggett v Putnam,* 40 AD2d 576; *see also, Matter of Marzella v Munroe,* 69 NY2d 967). However, "[a] discontinuance connotes a complete cessation * * * so that a minimal nonconforming function, of itself, would not constitute an abandonment" *(Baml Realty v State of New York, supra).* Here, it is not disputed that the marina was fully used through 1983. After a contract of sale was signed, and while certain litigation was pending, the appellants leased one of the moorings to an attorney for the

Seaview Terminal Company, Inc., the predecessor owner of the subject property, for the years 1984 and 1985, and that at least twice during each of those seasons, he used the marina. Subsequently, the marina was used during the 1986 season. Thus, it cannot be said that there was a complete cessation of the use of the property as a marina, thereby resulting in a termination of a nonconforming use pursuant to Town of Islip Code § 68-15 (B).

In light of our determination, the other issues raised by the appellants need not be reached by this court. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.