■ In the Matter of DAVID BRENNER et al., Appellants, v JOHN L. SNIADO et al., Constituting the Zoning Board of Appeals of the City of Rye, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent members of the Zoning Board of Appeals of the City of Rye, dated May 31, 1988, which denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered October 17, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners applied to the Zoning Board of Appeals of the City of Rye for an area variance, proposing to subdivide their property to create one conforming lot upon which their own single-family residence was situated and one nonconforming lot upon which they intended to build a second dwelling. The petitioners, however, did not first apply to the Planning Commission for subdivision approval. Therefore, there was no adverse determination from which an appeal to the Zoning Board of Appeals could properly be taken. In the absence of an administrative determination to review, the Zoning Board of Appeals was without power to grant the variance since its jurisdiction in that regard is appellate only and it may not render an advisory opinion *(see, Moriarty v Planning Bd.,* 119 AD2d 188; 2 Anderson, New York Zoning Law and Practice §§ 22.37, 22.39, 25.04 [3d ed]; *cf., Matter of Cohalan v Schermerhorn,* 77 Misc 2d 23). Contrary to the petitioners' contention, the letter received by them from the Building Inspector outlining the proper procedures to follow to obtain subdivision approval or a variance does not constitute the statutorily prescribed prior "decision or determination" necessary to invoke the jurisdiction of the Zoning Board of Appeals *(see,* City of Rye Code § 197-81). Accordingly, the Supreme Court correctly upheld the determination of the Zoning Board of Appeals that it was without jurisdiction to entertain the petitioners' application.

In light of our determination, we do not reach the merits of the petitioners' application. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.