■ In the Matter of GAYLORD DISPOSAL SERVICE, INC., Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF KINDERHOOK, Appellant.—Casey, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 15, 1990 in Columbia County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that a private solid waste transfer station is not a permitted use under its zoning ordinance.

At issue on this appeal is whether respondent has the authority to review a decision of the Town of Kinderhook Building Inspector, who concluded that petitioner's proposed use of its property was a permitted use under the relevant provisions of the Town zoning ordinance, when the only party seeking review of that decision is the Building Inspector. We conclude that respondent lacked the authority to review the Building Inspector's decision in the absence of a proper appeal. Supreme Court's judgment annulling respondent's determination must, therefore, be affirmed.

Petitioner submitted an application to the Town Planning Board for site plan review of its proposed solid waste transfer

station, but before the application could be considered a question arose as to whether the proposed use was permitted in the Town's light industrial district where petitioner's property was located. Petitioner requested that the Building Inspector decide the issue. The Building Inspector issued a decision which concluded that a transfer station was a permitted use of petitioner's land, but he stated that he was appealing his own decision to respondent. After some preliminary proceedings, respondent determined that a transfer station was not a permitted use in the light industrial zone and that the proposed use would create a nuisance dangerous to the public health, safety and welfare, in violation of the Town zoning ordinance.

Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination. Supreme Court granted the petition, concluding that respondent had exceeded its authority and acted arbitrarily and capriciously by going far beyond the scope of the Building Inspector's appeal and rendering an advisory opinion as to the interpretation of the Town zoning ordinance. Respondent appeals from the judgment.

Our analysis begins with Town Law § 267 (2), which provides that a "board of appeals shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any [zoning] ordinance". A board of appeals is also authorized to "hear and decide all matters referred to it or upon which it is required to pass under any such ordinance" (Town Law § 267 [2]). The Town zoning ordinance confers no additional authority on respondent and, therefore, its power is limited to the appellate jurisdiction specifically given to it by Town Law § 267 (2) (compare, Barron v Getnick, 107 AD2d 1017, 1018, with Matter of Klingaman v Miller, 168 AD2d 856, 857).

There can be little doubt that the decision of the Building Inspector in this case is a decision reviewable by respondent pursuant to Town Law § 267 (2). The statute, however, further provides that "[s]uch appeal may be taken by any person aggrieved, or by an officer, department, board or bureau of the town" (Town Law § 267 [2]). Respondent contends that the Building Inspector is an officer of the Town and that, therefore, he may seek review of any decision made by an administrative official charged with enforcing the Town zoning ordinance, including his own decision in this case. For the purposes of this appeal, we assume that the Building Inspector is a Town officer within the meaning of Town Law § 267 (2),

despite the absence of building inspectors from the list of town officers contained in Town Law § 20 (5) *(see, Bowman v Squillace,* 74 AD2d 887, *appeal dismissed* 50 NY2d 928).

It is our view, however, that the appeal authorized by Town Law § 267 (2) contemplates the existence of a controversy regarding the decision to be reviewed and that the appealing party must have a real interest, as an aggrieved party or as a town officer, in having some claimed error in the decision reviewed and corrected. When, as here, the appealing party is the administrative official who made the decision to be reviewed, there is no controversy and the appealing party obviously is not seeking to have an error in his own decision corrected. In such a case, the appealing party's interest is purely academic; he wants to know whether he made the proper decision. We conclude, therefore, that the Building Inspector was not seeking to appeal within the meaning of Town Law § 267 (2), but instead was seeking an advisory opinion from respondent as to whether his decision was correct. Because such an advisory opinion was outside the scope of respondent's appellate powers, Supreme Court's judgment annulling respondent's determination must be affirmed. We find no merit in respondent's claim that petitioner is estopped from asserting respondent's lack of authority.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.