[676 NYS2d 246]

In the Matter of STEPHENTOWN CONCERNED CITIZENS et al., Respondents, v DEAN HERRICK, as Code Enforcement Officer of the Town of Stephentown, et al., Respondents, and NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants.

Third Department, July 16, 1998

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany (*Kathleen Liston Morrison* of counsel), for New York State Department of Environmental Conservation, appellant.

*Harris, Beach & Wilcox,* Albany (*Andrew W. Gilchrist* of counsel), for Troy Sand & Gravel Co., Inc. and another, appellants.

*Lewis B. Oliver, Jr.,* Albany, for Stephentown Concerned Citizens, respondent.

*Devorsetz, Stinziano, Gilberti, Heintz & Smith, P. C.,* Syracuse (*William J. Gilberti, Jr.,* of counsel), for Empire State Concrete & Aggregate Producers Association, *amicus curiae.*

## OPINION OF THE COURT

CARDONA, P. J.

The gravel pit/mine involved in this litigation is located in the Town of Stephentown, Rensselaer County. In 1972, respondent V. James Boyle, Jr. purchased it from Albany Gravel Company and, in 1989, he leased it to respondent Troy Sand & Gravel Company, Inc. During that same year, Troy Sand applied to respondent Department of Environmental Conservation (hereinafter DEC) for a mining permit. A one-year permit was subsequently issued.

Thereafter, the Town of Stephentown passed Local Laws, 1990, No. 1 of the Town of Stephentown and Local Laws, 1991, No. 2 of the Town of Stephentown which, *inter alia,* rezoned various property within the Town and placed the gravel pit/mine in a R-1 residential area in which mining was prohibited. The legislation permitted certain activities, such as mining, to continue as nonconforming uses provided that they were not discontinued for more than one year. Since the gravel pit/mine

constituted a preexisting nonconforming use, Troy Sand continued to mine after the passage of the legislation.

Upon Troy Sand's application for a renewal and modification of its existing permit, DEC issued a second mining permit in May 1990 to expire on May 23, 1993. In March 1993, DEC notified Troy Sand of the necessity of filing an application to renew the second permit within 30 days of expiration, but Troy Sand, without reasonable explanation, failed to file the application until three weeks after the permit had expired. Although the renewal application was incomplete and untimely, DEC informed Troy Sand in November 1993 that it could continue mining under the previously issued permit. Accordingly, Troy Sand continued to operate the mine.

Following the expiration of the second mining permit in May 1993, petitioners, the owners of land in the vicinity of the gravel pit/mine, commenced a combined CPLR article 78 proceeding/declaratory judgment action seeking, *inter alia*, a declaration that the mining operation was illegal and to enjoin its operation. Supreme Court ruled that DEC had improperly authorized Troy Sand to continue mining and ordered Troy Sand to cease further mining until DEC issued a valid permit. This Court granted a stay of the injunction pending appeal but ultimately affirmed Supreme Court's judgment (*see, Matter of Stephentown Concerned Citizens v Herrick*, 223 AD2d 862).

On January 22, 1996, within a few weeks of this Court's decision, DEC issued a renewal permit to expire on January 22, 2001. As a result, in March 1996 petitioners formally requested respondent Town Code Enforcement Officer to issue a stop-work order halting further mining operations on the ground that the nonconforming use had been discontinued by Troy Sand's failure to maintain a valid mining permit for over 2½ years. The Code Enforcement Officer refused to do so. Petitioners made the same request to DEC which refused to prohibit further mining on the basis that Troy Sand was operating in accordance with a validly issued renewal permit.

Petitioners then commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, *inter alia*, a declaration that Troy Sand's operation of the gravel pit/mine as a nonconforming use had been discontinued for more than one year under Local Laws, 1991, No. 2 of the Town of Stephentown article IX (A) (3). Following joinder of issue and discovery, Supreme Court ruled, *inter alia*, that the nonconforming use of the gravel pit/mine "was discontinued and ceased to exist by virtue of [the] failure to maintain a valid

mining permit from DEC for a period of time in excess of one (1) year and that said nonconforming use has lost its 'grandfathered' status and is no longer valid". In addition, the court issued an injunction pursuant to ECL 71-1311 permanently enjoining Boyle and Troy Sand from engaging in any further mining activities. By consent of petitioners, the court specifically declined to address the remaining causes of action. Troy Sand and Boyle appeal from the judgment granting petitioners relief on their first cause of action. DEC also appeals, but only from that portion of the judgment which issued the injunction pursuant to ECL 71-1311 and prohibited activities required for reclamation of the property pursuant to ECL article 23.

Although public policy favors the restriction and eventual elimination of nonconforming uses (*see, Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 284; *Verstandig's Florist v Board of Appeals*, 229 AD2d 851, 852), zoning restrictions affecting nonconforming uses, "being in derogation of common-law property rights, should be strictly construed * * * in favor of the property owner" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 421). The zoning restriction applicable in this case provides that a nonconforming use "[s]hall not be reestablished if such use has been discontinued through vacancy, cessation of use, or for any other reason for a period of one (1) year or more" (Local Laws, 1991, No. 2 of Town of Stephentown art IX [A] [3]). The statute contemplates complete and actual nonuse to effect a discontinuance (*see, Matter of Marzella v Munroe*, 69 NY2d 967, 968; *Town of Islip v P.B.S. Marina*, 133 AD2d 81, *lv denied* 70 NY2d 611; *Matter of Daggett v Putnam*, 40 AD2d 576; *Baml Realty v State of New York*, 35 AD2d 857; *cf., Matter of Toys "R" Us v Silva, supra*, at 419-422).

Turning to the instant case, Troy Sand mined the subject property from 1989 through the expiration of its second mining permit in May 1993. Mining activities continued thereafter, with the consent of DEC, until May 1995 when Supreme Court enjoined further operation of the gravel pit/mine pending DEC's issuance of a valid permit. The injunction, however, was stayed pending appeal resulting in the continuance of mining activities. Thereafter, within a few weeks of this Court's order affirming Supreme Court's judgment, DEC issued a renewal permit prompting Troy Sand to engage in further mining activities. Because it is clear that mining activities did not actually cease for more than one year between May 1993 and January 1996, we do not find that there was a discontinuance of the nonconforming use within the meaning of the Town's zoning law.

Furthermore, we do not agree with Supreme Court's conclusion that the nonconforming use was discontinued by virtue of Troy Sand's failure to maintain a valid mining permit between May 1993 and January 1996. Although we share Supreme Court's concern in reference to Troy Sand's lack of diligence in submitting the renewal and modification application, it is well settled that "[a] use which is otherwise lawfully maintained may be continued as a nonconforming use although the user failed to procure or renew a license, certificate, or other permit required by law" (1 Anderson, New York Zoning Law and Practice § 6.12, at 219 [3d ed]). Significantly, the courts have declined to terminate nonconforming uses where the user failed to obtain a certificate of occupancy (*see, Matter of Kennedy v Zoning Bd. of Appeals*, 205 AD2d 629, 631; *City of New York v Victory Van Lines*, 69 AD2d 605; *Matter of Rubin v Wallace*, 63 AD2d 763, 763-764), a liquor license or a health permit (*see, Matter of Sadler v Zoning Bd. of Appeals*, 240 AD2d 505).

Inasmuch as the mining permit at issue here is analogous to the permits and/or approvals involved in the aforementioned cases, we conclude that the failure to maintain a valid mining permit during the period in question did not result in a discontinuance of the nonconforming use. Notably, and most importantly, Troy Sand continued mining activities after the expiration of its second permit with the explicit consent of DEC, the very administrative agency responsible for processing the modification and renewal application. Therefore, we reverse Supreme Court's judgment, vacate the injunction and dismiss petitioners' first cause of action. However, because Supreme Court declined to address petitioners' remaining causes of action, the matter is remitted for that purpose. In view of our disposition, we need not address the parties' remaining contentions.

MIKOLL, WHITE, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, first cause of action alleged in the petition dismissed, injunction vacated, and matter remitted to the Supreme Court for consideration of petitioners' remaining causes of action.