■ In the Matter of PETER SAUTNER et al., Respondents, v ARNOLD AMSTER, Appellant. [728 NYS2d 54] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clarkstown dated July 26, 1999, which, after a hearing, denied the petitioners' application for area variances, the Zoning Board of Appeals of the Town of Clarkstown appeals (1) from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated April 4, 2000, which granted the petition and directed it to issue the variances, and (2), as limited by its brief, from so much of an order of the same court, dated August 15, 2000, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the order dated August 15, 2000, made upon reargument; and it is further,

Ordered that the order dated August 15, 2000, is affirmed insofar as appealed from, without costs or disbursements.

The petitioners own a parcel of land located in New City which is improved with a single-family home. The parcel is located in the Town's R-22 zoning district, which requires a minimum lot size of 22,500 square feet. In November 1998, the petitioners applied to the appellant, the Zoning Board of Ap-

peals of the Town of Appeals (hereinafter the ZBA), for permission to subdivide the parcel into two lots, one of which would be 18,726 square feet and the other 17,501 square feet. After a hearing, the ZBA denied the application on the grounds, *inter alia*, that the requested variances were for a substantial differential in size, and that the granting of the variances would serve to "downzone" the subject premises, causing an undesirable change in the character of the neighborhood and a detriment to nearby properties. Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination of the ZBA on the grounds, *inter alia*, that the determination was illegal, unconstitutional, arbitrary and capricious, and improper. The Supreme Court granted the petition and directed the ZBA to grant the variances. We affirm.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, Tarantino v Zoning Bd. of Appeals*, 228 AD2d 511, 512). The determination of a zoning board will be upheld provided that it has a rational basis and is supported by substantial evidence (*see, Matter of Shorelands v Matthew,* 230 AD2d 862; *Matter of New Venture Realty v Fennell,* 210 AD2d 412).

The petitioners introduced evidence at the public hearing that there were a large number of lots in the surrounding neighborhood that were similar in size to the proposed lots. Moreover, the evidence showed that there was a gas station located diagonally across the street from their property. Furthermore, the testimony of the petitioner Peter Sautner to the effect that the petitioners' vacant corner property was a dumping ground that would be eliminated by the building of a house on the proposed new lot was uncontroverted. This evidence indicates that there was no basis for a finding that the variances would create an undesirable change in the character of the community or would cause a significant impact on the rest of the neighborhood (*see, Matter of Rider v Board of Appeals*, 172 AD2d 673; *see also, Shaughessy v Roth,* 204 AD2d 333, 335; *Matter of Eung Lim-Kim v Zoning Bd. of Appeals*, 185 AD2d 346). Under these circumstances, the ZBA's denial of the petitioners' application is not supported by the record, and the Supreme Court therefore properly annulled the determination of the ZBA. Ritter, J. P., Florio, H. Miller and Crane, JJ., concur.