■ In the Matter of LAWRENCE F. RINALDI et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF STILLWATER et al., Respondents. [804 NYS2d 828]—

Rose, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered October 12, 2004 in Saratoga County which, upon reargument, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Stillwater granting an area variance to respondent Scott Bloomingdale.

After building a shed, respondent Scott Bloomingdale (hereinafter respondent) received a letter from the Code Enforcement Officer of the Town of Stillwater (hereinafter CEO) informing him that the shed violated the Town's zoning ordinance. While first advising respondent that he should apply for a permit for

the shed, await its denial and then apply for a variance to respondent Zoning Board of Appeals of the Town of Stillwater (hereinafter ZBA), the letter ultimately stated that "[t]his letter will also serve as your letter of denial for a building permit for the shed." Respondent immediately applied for a variance, which was granted by the ZBA. Petitioners, who are respondent's neighbors, then commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination. Finding that the ZBA lacked jurisdiction because respondent had not first obtained an adverse determination from the CEO, Supreme Court granted the petition. Respondents then moved for leave to reargue on the ground that Supreme Court had overlooked the fact that the CEO's letter had specifically denied a building permit for the shed. Supreme Court granted reargument, recognized its oversight, vacated its earlier ruling and dismissed the petition. Petitioners appeal.

Petitioners' claim that respondents failed to state what fact was overlooked by Supreme Court is simply belied by the record. Nor are we persuaded by petitioner's contention that reargument is unavailable following judgment in a special proceeding, having implicitly sanctioned its use in the past (see e.g. *Matter of Ellsworth v Town of Malta,* 16 AD3d 948, 949 [2005]).

As to the merits, we concur with Supreme Court's finding that the ZBA had jurisdiction to review the CEO's denial of a building permit to respondent inasmuch as the ZBA has express jurisdiction to hear appeals taken from a "determination made by the administrative official charged with the enforcement of any ordinance or local law" (Town Law § 267-a [4]; *see Matter of Gaylord Disposal Serv. v Zoning Bd. of Appeals of Town of Kinderhook,* 175 AD2d 543, 544 [1991], *lv denied* 78 NY2d 863 [1991]; *cf. Matter of Brenner v Sniado,* 156 AD2d 559, 559 [1989]). Finally, given that the ZBA considered the relevant factors in granting an area variance, conducted two public hearings, inspected the site and received a favorable opinion from the Town's consulting engineer, its determination cannot be said to have been arbitrary or capricious (*see e.g. Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush,* 16 AD3d 715, 724 [2005]; *Matter of Sacandaga Park Civic Assn. v Zoning Bd. of Appeals of Town of Northampton,* 296 AD2d 807, 809 [2002]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.