In the Matter of FITZ-VERITY SILVERA et al., Petitioners, v TOWN OF AMENIA ZONING BOARD OF APPEALS et al., Respondents. [823 NYS2d 430]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town of Amenia Zoning Board of Appeals dated October 13, 2004, which, after a hearing, granted the application of the respondent William J. Yeno, also known as William J. Yeno IV, for area variances upon certain conditions.

Adjudged that the determination is confirmed, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

The respondent William J. Yeno, also known as William J. Yeno IV, owns a substandard, triangular-shaped parcel consist-

ing of .83 acres of vacant land situated at the intersection of State Route 22 and Old North Road, formerly known as Hamm's Road, in the Town of Amenia in Dutchess County. The residential-medium (hereinafter RM) zoning district in which the parcel is situated requires one acre of land, a minimum front-yard setback of 80 feet, and a minimum rear-yard setback of 50 feet for the construction of a one- or two-family dwelling. In 1983 the prior owners of the parcel were granted an area variance from the one-acre lot size requirement, permitting them to develop the parcel for a permitted use in the RM zoning district. In 2002 Yeno purchased the property. Seeking to build a two-family, one-story dwelling on the parcel, Yeno applied to the respondent Zoning Board of Appeals of the Town of Amenia (hereinafter the ZBA) for area variances from the front-yard and rear-yard setback requirements. On August 13, 2003 the ZBA denied Yeno's application based principally upon its concern that the proposed contemporary two-family "ranch style" dwelling would have a detrimental impact on the predominantly one-family historic residential district.

On September 7, 2004 Yeno met with the Zoning Officer of the Town of Amenia to review an alternative proposal to build a single-family two-story dwelling on the parcel. The Zoning Officer advised Yeno that his proposal did not comply with the RM zoning district's front-yard and rear-yard setback requirements and that he would need to apply to the ZBA for area variances before a building permit could be issued. On September 13, 2004 Yeno again applied to the ZBA for area variances from the front-yard and rear-yard setback requirements. On October 13, 2004, following a public hearing, the ZBA granted the application upon certain conditions based, in significant part, upon its determination that the proposed one-family, two-story dwelling "with clapboard-design vinyl siding and shutters" was more in keeping with the character of the neighborhood. The petitioners, residents of Old North Road who live in close proximity to the proposed dwelling, commenced this proceeding pursuant to CPLR article 78 to review the ZBA's October 13, 2004 determination.

We note that the Supreme Court erroneously transferred the proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]; *Matter of Milt-Nik Land Corp. v City of Yonkers*, 24 AD3d 446, 447 [2005]). Nevertheless, in the interest of judicial economy, this Court will decide the case on the merits (*see Matter of Halperin v City of New Rochelle, supra* at 772-773; *Matter of Milt-Nik*

*Land Corp. v City of Yonkers, supra* at 448; *Matter of Country Glen Assoc. v Newburger*, 305 AD2d 594, 595 [2003]).

This proceeding is not academic despite the apparent substantial completion of the project. The petitioners did not delay in commencing this proceeding and promptly, albeit unsuccessfully, requested injunctive relief after Yeno was issued a building permit, to preserve the status quo (*see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172-173 [2002]; *Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown*, 24 AD3d 1312, 1313 [2005]; *Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush*, 16 AD3d 715, 717-718 [2005]). Under the circumstances, the petitioners did all they could timely do to safeguard their interests, and Yeno was put on notice that if he proceeded with construction, he would do so at his own risk (*see Matter of E & J Sylcox Realty, Inc. v Town of Newburgh Planning Bd.*, 12 AD3d 445, 446 [2004]; *compare with Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729-730 [2004]).

Contrary to the petitioners' contention, the Zoning Officer's determination that Yeno's alternative proposal would require the issuance of two area variances constituted the statutorily-prescribed prior determination necessary to invoke the jurisdiction of the ZBA (Town Law § 267-a [4]; *see Matter of Rinaldi v Zoning Bd. of Appeals of Town of Stillwater*, 23 AD3d 810, 811 [2005]; *Matter of Gaylord Disposal Serv. v Zoning Bd. of Appeals of Town of Kinderhook*, 175 AD2d 543, 544 [1991]; *compare with Matter of Brenner v Sniado*, 156 AD2d 559 [1989]; *Barron v Getnick*, 107 AD2d 1017 [1985]).

The ZBA engaged in the required balancing test and considered the relevant statutory factors, and its determination to grant the area variances had a rational basis and was not arbitrary and capricious (*see* Town Law § 267-b; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 382 [1995]; *Matter of Pasceri v Gabriele*, 29 AD3d 805 [2006]; *Matter of Sautner v Amster*, 284 AD2d 540 [2001]).

The petitioners' remaining contentions are without merit. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.