■ In the Matter of LODGE HOTEL, INC., Respondent, v TOWN OF ERWIN ZONING BOARD OF APPEALS, Appellant. [843 NYS2d 744]—

Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered January 24, 2007 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition in part.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from a judgment that, inter alia, annulled its determination denying petitioner's application for an area variance with respect to the zoning requirement that a building housing a tractor supply store must have two functional floors. Supreme Court previously annulled respondent's determination denying petitioner's application for a use variance with respect to the proposed building, and respondent was therefore bound by the court's determination that the tractor supply store was a permitted use (*see generally* Town Law § 267 [1] [a]). Petitioner thereafter sought area variances permitting it, inter alia, to construct a one-floor building that would have a "two-story look," utilizing windows to create the appearance of a two-floor building. Respondent granted petitioner's application for an area variance with respect to the height restriction of 12 feet for the first story but only to the extent of permitting a ceiling height of "20 feet floor to floor or 16 feet floor to ceiling" rather than the ceiling of 22 feet and 8 inches sought by petitioner, and respondent denied the application for an area variance with respect to the requirement that the building have two functional floors.

"Although we recognize that [the elimination of the second floor] is a substantial variance, [that] consideration alone is insufficient to deny the petitioner's application" under the facts presented here (*Matter of Sexton v Zoning Bd. of Appeals of Town of Oyster Bay*, 300 AD2d 494, 497 [2002]). The evidence presented by petitioner at the hearing established that the variance was necessary to accommodate the inventory of the store and that, because of the nature of the retail sales, it could not utilize a second floor. We note that, although respondent properly considered its comprehensive plan for future development of the area to have a "walkable two story look," the record establishes that petitioner accommodated that comprehensive plan by its proposal to install windows that would give the appearance of a two-story building. Respondent's findings that the vaulted ceiling would break the "cohesiveness" of that plan and that the building "could not be used for anything else" in the event that it became vacant are not supported by substantial evidence (*see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). Respondent granted petitioner's application for an area variance with respect to the height restriction, and we therefore conclude that granting petitioner's application for an area variance with respect to the zoning requirement of a functional second floor will not produce an undesirable change in the character of the commercial neighborhood (*see Matter of Sautner v Amster*, 284 AD2d 540, 541 [2001]; *see generally Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308 [2002]).

Finally, in view of our determination with respect to the requirement of two functional floors, we further conclude that the court properly annulled the determination with respect to the area variance limiting the ceiling height to 20 feet. As the court noted, "Obviously, with a one-story building, a variance to allow the first floor of the building to be 20 feet from floor to floor would have to be modified to account for a first floor that will now go from floor to ceiling." We thus further conclude that the court properly remitted the matter to respondent "for a more precise determination of the ceiling height." Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.