■ In the Matter of JOSEPH ANAYATI et al., Appellants, v BOARD OF ZONING APPEALS OF TOWN OF NORTH HEMPSTEAD et al., Respondents. [885 NYS2d 300]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated April 16, 2008, which, inter alia, dismissed the petitioners' application for certain area variances for lack of jurisdiction, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered October 22, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Zoning Appeals of the Town of North Hempstead to consider the petitioners' application on the merits.

In 2003 the petitioners commenced construction of a house on their property in the Town of North Hempstead. They received a building permit and, upon completion of the house in August 2004, they received a certificate of occupancy from the Town Building Official. On September 28, 2006, the petitioners received an appearance ticket from the Town's Building Inspector, alleging that the house violated two provisions of the Town of North Hempstead Town Code (hereinafter the Town Code) in that it exceeded the allowable gross floor area and did not comply with a sky exposure plane requirement. The appearance ticket directed the petitioners to appear in the District Court, Nassau County, to answer the charges, and the Building Inspector subsequently filed an information in that court, making the same allegations.

On December 3, 2007, the petitioners applied to the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the BZA), for a determination that their current building permit and certificate of occupancy were valid as a matter of right pursuant to both the doctrine of equitable estoppel and "under a proper interpretation and application of the town code." In the alternative, the petitioners requested area variances necessary to maintain the house.

The BZA dismissed the petitioners' application on the ground that it lacked jurisdiction to consider the application. It

explained that its jurisdiction was appellate only, and it concluded that the petitioners were not seeking to review any determination made by the administrative official charged with the enforcement of its zoning regulations. With respect to the petitioners' alternative request for variances, the BZA concluded that the petitioners must file an application to maintain the house, pay the requisite fees and, upon the denial thereof, file an appeal to the BZA.

The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the BZA's determination. Although the petitioners conceded in their reply submitted to the Supreme Court that the BZA does not have jurisdiction to consider their equitable estoppel contention, they maintain that the BZA was obligated to consider the other aspects of their application. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

The petitioners correctly contend that the BZA has jurisdiction to review the Building Inspector's determination that the house was in violation of the Town Code, which determination was reflected in the appearance ticket (*see* Town Law § 267-a [4]; § 267-b [1]; *Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706, 708 [2006]; *Matter of Rinaldi v Zoning Bd. of Appeals of Town of Stillwater*, 23 AD3d 810, 811 [2005]). Upon the petitioners' appeal of the Building Inspector's determination, the BZA has the power to grant area variances (*see* Town Law § 267-b [3] [a]). Thus, contrary to the BZA's contention, in order to seek variances, the petitioners were not required to file a new application to maintain the house and pay the requisite fees. While the BZA and the Building Inspector contend that the petitioners' purported appeal of the Building Inspector's determination was untimely, this was not the ground upon which the BZA dismissed the application; thus, that issue is not properly before us (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]). Accordingly, the petition should have been granted, and the matter remitted to the BZA to consider the petitioners' application on the merits. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.