■ In the Matter of THEODORE W. RICKET, Appellant-Respondent, v PAULA A. MAHAN, as a Member of the Town Board of the Town of Colonie, et al., Respondents-Appellants. [919 NYS2d 588]—

Kavanagh, J.

On January 7, 2010, respondent Town Board of the Town of Colonie passed two resolutions—one appointing respondent John H. Cunningham to a two-year term as Commissioner of Public Works and another appointing respondent Michael M. Burick to a six-year term as Personnel Officer. Petitioner, a res-

ident of the Town of Colonie, commenced this combined CPLR article 78 proceeding and action for a declaratory judgment seeking a determination that Cunningham's appointment was invalid because he did not reside in the Town, nor did he possess the qualifications established for this position by the Town in its local law. Petitioner also sought a declaration that the salary and benefits paid to Cunningham while he served as Commissioner constituted "an unconstitutional gift of public funds" that must be returned to the Town. In addition, petitioner sought a declaration that Burick's appointment as Personnel Officer was invalid because, under the Town Law, the Town Board was only authorized to appoint him for the remainder of his predecessor's unexpired term. Supreme Court denied all of the relief sought by petitioner, except that it found that Burick could only be appointed by the Town Board for the unexpired portion of his predecessor's term, and so modified his appointment to this position. Both petitioner and respondents now appeal.

After it abolished the Office of Superintendent of Highways—an elected position that could only be held by a Town resident—the Town Board enacted a local law creating the position of Commissioner of Public Works (*see* Town of Colonie Code § 34-3). While the local law, among other things, made this an appointed position with a definite term, and set forth a description of the position's official responsibilities and the qualifications needed to be appointed to this position, it was silent as to whether the appointee had to be a Town resident (*see* Town of Colonie Code § 34-3). Petitioner contends that since the Commissioner of Public Works, in effect, replaced the Superintendent of Highways, it necessarily followed that whomever was appointed to this position must also be a Town resident (*see* Town Law § 20 [1]; § 23). Respondents argue that the responsibilities assumed by the Commissioner of Public Works are not limited to those previously exercised by the Superintendent of Highways and, therefore, the requirements for this position should not be determined by those that existed for that elected position. In addition, respondents claim that the local law set forth requirements for the Commissioner of Public Works position and, by its terms, did not provide that the appointee must be a Town resident.[1]

Since the local law is silent as to whether the Commissioner

1. We note that, contrary to respondents' contention, petitioner preserved this issue by alleging in the petition/complaint that the Commissioner of Public Works "is required to satisfy the requirements and qualifications to be a 'town officer' and be an 'elector.' "

of Public Works must be a Town resident, the issue presented is whether state law serves to impose such a requirement. In that regard, we reject respondents' claim that the local law creating this position supercedes any state statute that would otherwise require that the Commissioner of Public Works be a Town resident (*see* Municipal Home Rule Law § 2 [5], [12]; § 10 [1] [ii] [a] [1]; [d] [3]; 1997 Ops Atty Gen No. 97-11). A municipality may enact a local law that supercedes a state statute if the state statute is a special, as opposed to a general, law (*see* Municipal Home Rule Law § 10 [1] [ii] [a] [1]; [d] [3]; 1997 Ops Atty Gen No. 97-11), but must do so in explicit terms and specifically identify in the local law the state statute that it intends to supercede (*see* Municipal Home Rule Law § 22 [1]; *Kamhi v Town of Yorktown*, 74 NY2d 423, 434 [1989]). Here, we need not decide whether the state statutes at issue are special laws because the Town, when it enacted this local law, made no reference to any state statute, nor did it identify in the local law any state statute that it intended to supercede (*see* Municipal Home Rule Law § 22 [1]; *Kamhi v Town of Yorktown*, 74 NY2d at 434).

Two state statutes are implicated by this proceeding. The first, Public Officers Law § 3 (1), provides that "[n]o person shall be capable of holding a civil office who shall not, at the time he [or she] shall be chosen thereto, . . . be a citizen of the United States, a resident of the state, and *if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he [or she] shall be chosen, or within which the electors electing him [or her] reside*" (emphasis added). The second, Town Law § 23 (1), states that all "elective officer[s] of the town" and "*[e]very other officer of the town at the time of his [or her] appointment and throughout his [or her] term of office shall be an elector of the town*" (emphasis added).[2] An elector of a town is an individual who may register as a voter therein regardless of whether that person has actually registered (*see* 1985 Ops Atty Gen No. 85-59). While the Town Law identifies some town officers that must be town residents, such as town supervisor and superintendent of highways, this listing is not exhaustive and specifically provides that "[a]ll *other officers* and employees in such a town shall be appointed by the town board" (Town Law § 20 [1] [a] [emphasis added]; *see* Town Law § 23 [1]; *Matter of Gaylord Disposal Serv. v Zoning Bd. of Appeals of Town of Kinderhook*, 175 AD2d 543, 544-545 [1991], *lv denied* 78 NY2d 863 [1991]). Put another way, state law provides that if a town enacts a local law creating a public or civil office and

---

2.  There are certain exceptions to this rule that are not applicable here.

the person appointed to it is a town officer, the appointee must be a town resident. Since neither the Public Officers Law nor the Town Law defines what constitutes a public or civil office or who qualifies as a town officer, that determination must of necessity depend upon the nature of the position, its role in town governance and whether the position involved has responsibilities that require a "high degree of initiative and independent judgment" (*Matter of Lake v Binghamton Hous. Auth.*, 130 AD2d 913, 914 [1987]) and, to some extent, the exercise of sovereign power (*see* 2000 Ops Atty Gen No. 2000-5). Other factors to be considered are whether an oath of office is required and whether the appointment is for a definite term (*see* 2006 Ops Atty Gen No. 2006-7).

Here, the Commissioner of Public Works takes an oath of office (*see* Town of Colonie Code § 34-10), serves a two-year term and, according to the Town Code, is "the principal executive officer and administrative head of the Department of Public Works . . . with such powers as shall be necessary for the proper administration of the Department of Public Works consistent with applicable laws" (Town of Colonie Code § 34-3 [A]). Given the nature of this position—and the crucial role it plays providing essential services for the Town—we conclude that the Commissioner of Public Works is a town officer who must be a town resident. Since Cunningham has acknowledged that he was not a Town resident when he was appointed to this position, and does not intend to become one in the future, his appointment as Commissioner of Public Works does not comport with relevant state law and is invalid.[3]

As for petitioner's claim that the salary and benefits paid to Cunningham as Commissioner of Public Works constituted an "unconstitutional gift of public funds" (NY Const, art VIII, § 1), we note that no one has claimed during this proceeding that these payments were not made for services rendered. As such, the conclusion reached herein does not serve to alter the fact that Cunningham earned the compensation for which he was paid and, as such, the salary and benefits he earned while serving in this position did not constitute an illegal gift of public funds.

As for Burick's appointment as Personnel Officer, the Town Law specifically provides that "[w]henever a vacancy shall occur or exist in any town office, the town board or a majority of the members thereof, may appoint a qualified person to fill the vacancy" and that when "*the appointment [is] made to fill a*

---

**3.** As a result, we need not reach petitioner's remaining arguments regarding Cunningham's appointment.

*vacancy in an appointive office, the person so appointed shall hold office for the remainder of the unexpired term"* (Town Law § 64 [5] [emphasis added]). This provision is controlling and, thus, as Supreme Court found, Burick's appointment as Personnel Officer must be limited to the remainder of his predecessor's unexpired term (*see* Civil Service Law § 15 [1] [b]).[4]

Mercure, J.P., Peters and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition/complaint seeking a declaration that the resolution appointing respondent John H. Cunningham as Commissioner of Public Works was void; petition granted to said extent; and, as so modified, affirmed.

---

4. We disagree with petitioner that this conclusion required a determination that the entirety of Burick's appointment be declared null and void.