In the Matter of THEODORE W. RICKET, Appellant-Respondent, v PAULA A. MAHAN et al., as Members of the Town Board of the Town of Colonie, et al., Respondents, and JOHN H. CUNNINGHAM, Individually and as Commissioner of Public Works of the Town of Colonie, Respondent-Appellant. [949 NYS2d 272]—

Kavanagh, J.

In 2010, respondent Town Board of the Town of Colonie passed a resolution appointing respondent John H. Cunningham, who was not a resident of the Town, to a two-year term as Commissioner of Public Works. Petitioner, a resident of the Town, initiated a proceeding to invalidate the appointment

on the grounds that Cunningham was not a Town resident, nor did he possess the qualifications for the position as established by the Town Board. Supreme Court dismissed the petition and this Court reversed (*Matter of Ricket v Mahan*, 82 AD3d 1565 [2011]), finding that the relevant local law, as enacted, did not supersede Public Officers Law § 3 or Town Law § 23, which require that a person appointed to a local office reside within the locality at the time of their appointment and during their tenure in office (82 AD3d at 1566-1567). Accordingly, we concluded that the Commissioner of Public Works must be a town resident (*id.* at 1568) and granted the relief sought in the petition.

Thereafter, the Town Board adopted Local Law No. 15 (2011) of the Town of Colonie, which provided that the Commissioner of Public Works need not be a resident of the Town, but "shall be a resident of the County of Albany" and "no specific license or education is required" for one to hold that position.[1] After the Town Board again appointed Cunningham to the position of Commissioner of Public Works, petitioner commenced this combined CPLR article 78 proceeding and action for a declaratory judgment seeking, among other things, to annul Local Law No. 15, as well as Cunningham's appointment to that position. Respondents answered, asserting affirmative defenses, including a contention that petitioner lacked standing to bring such a proceeding. Although Supreme Court found that petitioner had standing, it dismissed the petition/complaint, finding, among other things, that the Town Board acted within its authority in enacting Local Law No. 15 and in appointing Cunningham to the position of Commissioner of Public Works. Petitioner now appeals, and Cunningham cross-appeals.

We affirm. Initially, we reject Cunningham's contention that petitioner lacked standing to challenge Local Law No. 15. Generally, standing "requires a showing of 'an injury in fact, distinct from that of the general public,' that falls within the zone of interests promoted or protected by the pertinent regulation or statute" (*Matter of Diederich v St. Lawrence*, 78 AD3d 1290, 1291 [2010], *lv dismissed and denied* 17 NY3d 782 [2011], quoting *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]). Common-law taxpayers may, however, "challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when 'the failure to accord such standing would

---

1. Local Law No. 15 by its terms, expressly provided that it superseded those provisions contained in Public Officers Law § 3 and Town Law § 23, which require that such an appointee be a Town resident.

be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000], quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]; *accord Matter of Vector Foiltec, LLC v State Univ. Constr. Fund*, 84 AD3d 1576, 1578 [2011], *lv denied* 17 NY3d 716 [2011]). Here, the Commissioner of Public Works plays a formidable role in local government, administering, directing and controlling the divisions of water, sewer, environmental services, highway and engineering (*see* Town of Colonie Code § 34-5).[2] In our view, this local law creating this position has "appreciable public significance beyond the immediately affected parties" (*Matter of Diederich v St. Lawrence*, 78 AD3d at 1292 [internal quotation marks and citation omitted]) and not conferring standing on taxpayers of the Town would, in our view, effectively insulate this provision from meaningful judicial scrutiny (*see Boryszewski v Brydges*, 37 NY2d at 364; *Leichter v Barber*, 88 AD2d 1029, 1030 [1982]).

Turning to the merits, a local government "shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government" (Municipal Home Rule Law § 10 [1] [i]; *see Kamhi v Town of Yorktown*, 74 NY2d 423, 429 [1989]; *Matter of Zorn v Howe*, 276 AD2d 51, 54-55 [2000]). A "general law" is defined as "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (Municipal Home Rule Law § 2 [5]). A "special law" is one that "in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages" (Municipal Home Rule Law § 2 [12]). Unlike general laws, there is no requirement that a local law be consistent with a special law and may, in a given circumstance, supersede a special law (*see Matter of Gizzo v Town of Mamaroneck*, 36 AD3d 162, 165 [2006], *lv denied* 8 NY3d 806 [2007]; *see also Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 743 [1985]).

Public Officers Law § 3 (1), as relevant here, provides that an individual may not hold a local civil office who is not "a resident of the political subdivision or municipal corporation of the state for which he [or she] shall be chosen, or within which the

---

**2.** The Commissioner of Public Works replaced the Superintendent of Highways, which was abolished by the Town and was an elected position that could only be held by a Town resident (*see Matter of Ricket v Mahan*, 82 AD3d at 1566).

electors electing him [or her] reside, or within which his [or her] official functions are required to be exercised." Similarly, Town Law § 23 (1) requires that every town officer "at the time of his [or her] appointment and throughout his [or her] term of office shall be an elector of the town."[3] However, the legislature grafted numerous exceptions onto the residency requirement set forth in these statutes and, as such, exempted various local offices from the requirement that the office holder be a resident (*see* Public Officers Law § 3 [11]-[58]; Town Law § 23 [2]-[24]). As a result, each statute, in terms of the residency requirement, is a special law which can, in a given circumstance, be superseded by a local legislative enactment (*see* Public Officers Law § 3 [43] [as added by L 1998, ch 273]; Town Law § 23 [2]; Municipal Home Rule Law § 10 [1] [i], [ii]; [a] [1]). Also, we reject petitioner's contention that the Town can only supersede these statutes after they receive express approval from the legislature, as neither statute contains such a requirement for the office of Commissioner of Public Works (*see* Public Officers Law § 3; Town Law § 23).

Finally, contrary to petitioner's contention, Cunningham has not engaged in nor was he required to practice engineering while holding this position (*see* Education Law § 7202).[4] This conclusion is borne out not only by the job description for this position set forth in the Town code (*see* Town of Colonie Code § 34-3), but also by an investigation conducted by the Education Department, which determined that Cunningham had not engaged in the practice of engineering while serving in this position. In addition, we note that the individual appointed to the position of Commissioner of Public Works is selected based on "administrative experience and qualifications for the duties of the office" (Town Law § 64 [21-a] [2]) and, as such, the Town did not abuse its authority in not requiring that the appointee possess a specific license or engineering degree.

Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**3.** "An elector of a town is an individual who may register as a voter therein regardless of whether that person has actually registered" (*Matter of Ricket v Mahan*, 82 AD3d at 1567 [citation omitted]).

**4.** Although Cunningham's initial appointment expired on December 31, 2011, he was reappointed to a two-year term commencing in January 2012. Accordingly, contrary to respondents' contention, the issue of Cunningham's qualifications is not moot (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).