█ In the Matter of MICHAEL DIEDERICH, JR., Individually and on Behalf of ALL TAXPAYERS OF THE COUNTY OF ROCKLAND, Appellant, et al., Petitioner, v CHRISTOPHER ST. LAWRENCE, Defendant, and HOLLAND & KNIGHT, LLP, et al., Respondents. [911 NYS2d 218]—

---

Lahtinen, J. Appeal from a judgment of the Supreme County (Ceresia, Jr., J.), entered June 17, 2009 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted certain respondents' motions for summary judgment dismissing the petition/complaint.

Petitioner Michael Diederich, Jr. (hereinafter petitioner) is an attorney who resides in Rockland County. He commenced this action[1] alleging, among other things, that respondent Rockland County Solid Waste Management Authority (hereinafter the Authority) (*see* Public Authorities Law art 13-M) wasted taxpayer money by paying respondent Holland & Knight, LLP a legal fee of $104,000 for preparing an amicus curiae brief submitted to the United States Supreme Court in the case *United Haulers Assn., Inc. v Oneida-Herkimer Solid Waste Management Authority* (550 US 330 [2007]). Petitioner contends that he (as well as other attorneys) had more relevant expertise and would have completed the legal work for substantially less money. The Authority and Holland & Knight moved for summary judgment challenging petitioner's standing to bring the action/proceeding as well as his substantive allegations. Supreme Court dismissed the matter finding that petitioner had not established standing under the common law or State Finance Law § 123-b. Petitioner appeals.

Common-law standing requires a showing of "an injury in fact, distinct from that of the general public," that falls within the zone of interests promoted or protected by the pertinent regulation or statute (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]; *see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000]; *Matter of Humane Socy. of U.S., Inc. v Brennan*, 63 AD3d 1419, 1420 [2009]). Petitioner asserts that as a taxpayer in Rockland County, the challenged expenditure for legal services resulted in a slight increase in his tax bill, which caused him injury. He further argues that local taxpayers constitute a sufficiently distinct group from the general public

---

1. This matter was originally commenced as an action that included as a defendant the State Comptroller, who successfully moved to convert a portion of the complaint to a CPLR article 78 proceeding and have venue transferred from Rockland County to Albany County. The proceeding against the Comptroller was eventually dismissed and the parties stipulated to discontinue the action/proceeding against Christopher St. Lawrence, the Authority's chair.

because the general public includes many individuals not subject to this particular tax, such as "itinerants, family members, children, the homeless [and] the confined." Accepting petitioner's argument would essentially eliminate the requirement of a distinct injury, and such a strained interpretation of the requirement finds no support in the case law. Petitioner has failed to allege an injury distinct from other taxpayers and, thus, has not met his burden as to common-law standing (*see Matter of Quigley v Town of Ulster*, 66 AD3d 1295, 1296 [2009]; *Diederich v Rockland County Police Chiefs' Assn.*, 33 AD3d 653, 654 [2006], *appeal dismissed* 8 NY3d 875 [2007], *lv denied* 8 NY3d 1018 [2007]; *see also Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d at 410).

Petitioner also contends that he has common-law taxpayer standing[2] because the Authority allegedly acted ultra vires when it spent funds for an amicus brief (*see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813-814 [2003], *cert denied* 540 US 1017 [2003]; *Boryszewski v Brydges*, 37 NY2d 361, 363-364 [1975]). We are unpersuaded. Common-law taxpayer standing implicates "important governmental actions" that would otherwise evade judicial review, and the doctrine "should not be applied . . . to permit challenges to the determinations of local governmental officials having no appreciable public significance beyond the immediately affected parties, by persons having only the remotest legitimate interest in the matter" (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d at 410-411; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 814; *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d at 589). Here, this criteria is not satisfied by petitioner's personal interest in providing allegedly less expensive legal services and the apparent slight tax increase reportedly caused by the Authority's decision to use Holland & Knight, a law firm with which it had an ongoing relationship for several years. Moreover, on the merits of the ultra vires argument, retaining a law firm to prepare an amicus brief for a case pending before the United States Supreme Court that includes an issue of significance to the Authority falls within the powers conferred to the Authority by the Legislature (*see* Public Authorities Law § 2053-c [4]; § 2053-e [12]).

The remaining arguments are unavailing.

---

2. We note that petitioner has not argued on appeal that he has standing under State Finance Law § 123-b and, accordingly, that issue has been abandoned (*see Team Mktg. USA Corp. v Power Pact, LLC*, 41 AD3d 939, 943 n 2 [2007]).

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. ■