■ In the Matter of Vector Foiltec, LLC, et al., Appellants, v State University Construction Fund et al., Respondents. [923 NYS2d 287]—

Lahtinen, J. (1) Appeal from a judgment of the Supreme Court (McDonough, J.), entered September 28, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition, and (2) motion to dismiss appeal.

Respondent State University Construction Fund solicited bids for a project that included constructing extensive skylights using a technology known as ETFE (ethylene tetrafluoroethylene). The Fund's specifications required that the contractor have the ETFE installed by one of three approved companies, including petitioner Vector Foiltec, LLC. Respondent Sano-Rubin Company, Inc. was the successful bidder and its ETFE subcontractor, Novum Structures, LLC, was an approved provider of ETFE. Although Vector Foiltec did not bid on the project, it desired to be the ETFE subcontractor. Thus, when Novum was selected by Sano-Rubin as its subcontractor, Vector Foiltec, together with resident taxpayers—petitioners Herbert S. Ellis (a member of Vector Foiltec) and Alexander Jafari (a director of Vector Foiltec)—protested the Sano-Rubin bid by asserting to the Fund and respondent Comptroller that Novum did not satisfy the Fund's ETFE specifications. The Comptroller determined that petitioners lacked standing and dismissed the protest. This proceeding ensued and respondents made motions to dismiss asserting, among other things, that petitioners did not have standing. Supreme Court granted the motions upon such ground. Petitioners appeal contending that they have standing under State Finance Law § 123-b and also that they have common-law taxpayer standing.

Prefatorily, we address Sano-Rubin's motion, made shortly before oral argument, to dismiss the appeal as moot because installation of the ETFE skylights was scheduled to commence in March 2011. Petitioners promptly commenced this proceeding, they sought injunctive relief, they expeditiously perfected their appeal, and Sano-Rubin's submissions in support of its motion failed to establish that the project is substantially completed. Hence, the appeal is not moot and Sano-Rubin's motion is denied (see e.g. Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown, 31 AD3d 1018, 1019 [2006], lv dismissed and denied 8 NY3d 842 [2007]; Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715, 717-718 [2005]).

Turning to the issues on appeal, we are unpersuaded that petitioners have established standing under State Finance Law § 123-b. A citizen-taxpayer may bring a lawsuit under this statute to "prevent the unlawful expenditure of state funds 'whether or not such person is or may be affected or specially aggrieved' by the challenged action" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003], quoting State Finance Law § 123-b [1]; *see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 588-589 [1998]). However, "[t]he statute is narrowly construed . . . and claims seek[ing] review of a [s]tate actor's alleged mismanagement of funds or the arbitrary and capricious distribution of funds lawfully allocated to an agency are not covered by section 123-b" (*Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1016 [2008], *lv denied* 12 NY3d 701 [2009] [internal quotation marks and citations omitted]).

Here, the money for the project had been lawfully allocated to the Fund, the Fund was authorized to spend state money on the project, and it had authority to seek and analyze bids for the project. Petitioners assert that the Fund violated the competitive bidding procedures in awarding the contract to Sano-Rubin with Novum as the ETFE subcontractor because allegedly Novum failed to meet the experience and independent testing specifications for the project. In essence, petitioners are challenging the review and award method used by the Fund regarding the contract, which goes to issues of alleged mismanagement or arbitrariness; issues that are not sufficient to establish statutory citizen-taxpayer standing. We agree with Supreme Court that petitioners failed to show that they have standing under State Finance Law § 123-b (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d at 589; *Matter of Quigley v Town of Ulster*, 66 AD3d 1295, 1297 [2009]; *Matter of Humane Socy. of United States v Empire State Dev. Corp.*, 53 AD3d at 1016).

Next, we consider common-law taxpayer standing. This doctrine was developed as "a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when 'the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000], quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]; *see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d at 589; *Matter of*

*Diederich v St. Lawrence,* 78 AD3d 1290, 1292 [2010]). Petitioners did not participate in the bidding process. They merely hoped to be selected as the subcontractor for the winning bidder. A losing bidder could bring an action and, thus, there is no impenetrable barrier to judicial review (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d at 589; *Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth.,* 19 AD3d 284, 286 [2005], *appeal dismissed* 5 NY3d 878 [2005]; *see also Saratoga County Chamber of Commerce v Pataki,* 100 NY2d at 814-815). We need not address the further elements for common-law taxpayer standing of public significance beyond the immediately affected parties and whether the challenged action is legislative in nature.

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the motion to dismiss the appeal is denied, without costs. Ordered that the judgment is affirmed, without costs.