Matter of Town of Ellery v New York State Dept. of Envtl. Conservation (2018 NY Slip Op 02039)





Matter of Town of Ellery v New York State Dept. of Envtl. Conservation


2018 NY Slip Op 02039


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


67.1 CA 17-01195

[*1]IN THE MATTER OF TOWN OF ELLERY, PETITIONER-PLAINTIFF-APPELLANT,
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND CHAUTAUQUA COUNTY, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






THE ZOGHLIN GROUP, PLLC, ROCHESTER (MINDY L. ZOGHLIN OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (SUSAN L. TAYLOR OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION.
WEBSTER SZANYI LLP, BUFFALO (JEREMY A. COLBY OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT CHAUTAUQUA COUNTY. 


 Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered October 24, 2016 in a hybrid CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, dismissed the amended petition/complaint of petitioner. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this CPLR article 78 proceeding and declaratory judgment action seeking annulment of permits issued by respondent-defendant New York State Department of Environmental Conservation (Department) to respondent-defendant Chautauqua County (County) in connection with the expansion of a County-operated waste management facility. Petitioner appeals from a judgment that, inter alia, dismissed the amended petition/complaint. At the outset, we reject the County's contention that the appeal must be dismissed as moot on the ground that petitioner did not seek a stay of construction inasmuch as the County failed to establish that construction has been substantially completed (see Matter of Vector Foiltec, LLC v State Univ. Constr. Fund, 84 AD3d 1576, 1577 [3d Dept 2011], lv denied 17 NY3d 716 [2011]; Matter of Mirabile v City of Saratoga Springs, 67 AD3d 1178, 1180 [3d Dept 2009]). We also reject the County's contention that the appeal should be dismissed under the doctrine of laches inasmuch as petitioner did not neglect to assert its rights for such a period of time that it caused prejudice to the County (see generally Matter of Schulz v State of New York, 81 NY2d 336, 348 [1993]).
We nonetheless conclude that Supreme Court properly dismissed the amended petition/complaint. Contrary to petitioner's contention, the Department properly exercised its discretion in determining that petitioner failed to raise a substantive and significant issue warranting the commencement of the adjudicatory hearing procedure pursuant to 6 NYCRR part 624 (see Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation, 42 AD3d 857, 859-860 [3d Dept 2007]; see also Matter of Riverkeeper, Inc. v New York State Dept. of Envtl. Conservation, 152 AD3d 1016, 1018-1019 [3d Dept 2017]). Petitioner contends that the Department lacked the discretion to make this determination because petitioner articulated a specific ground for opposition to the County's application that petitioner, [*2]as opposed to the Department, concluded "could lead the department to deny or impose significant conditions on the permit" (6 NYCRR 621.8 [d]). The applicable regulations, however, provide that the adjudicatory hearing procedures set forth in 6 NYCRR part 624 are triggered upon "identification by department staff of substantive and significant issues" (6 NYCRR 624.1 [a] [1] [emphasis added]; see Eastern Niagara Project Power Alliance, 42 AD3d at 859-860), regardless of whether such an issue is first raised by internal Department evaluation or public comment (see ECL 70-0119 [1]; 6 NYCRR 621.8 [b]). We therefore conclude that petitioner's contention that the Department acted in violation of applicable adjudicatory hearing procedure is without merit. Further, we conclude that the Department's determination that petitioner's expressed concerns did not raise substantive and substantial issues was not arbitrary and capricious (see Riverkeeper, Inc., 152 AD3d at 1018-1019).
We reject petitioner's further contention that the Department failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8) in issuing the permits. The record establishes that the Department took the requisite hard look and provided a reasoned elaboration of the basis for its determination regarding the potential impacts of the expansion project on bald eagles (see generally Akpan v Koch, 75 NY2d 561, 570 [1990]). Petitioner's remaining contention, that the Department falsely certified that noise mitigation measures were incorporated into the permits as enforceable conditions, is improperly raised for the first time on appeal (see Matter of Davis v Czarny, 153 AD3d 1556, 1557 [4th Dept 2017]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court