Matter of 61 Crown St., LLC (City of Kingston Common Council) (2023 NY Slip Op 03267)

Matter of 61 Crown St., LLC (City of Kingston Common Council)

2023 NY Slip Op 03267

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

534460
[*1]In the Matter of 61 Crown Street, LLC, et al., Appellants,
City of Kingston Common Council et al., Respondents.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

E. Stewart Jones Hacker Murphy LLP, Troy (Benjamin F. Neidl of counsel) and Rodenhausen Chale & Polidoro LLP, Rhinebeck (Janis M. Gomez Anderson of counsel), for appellants.
Barbara Graves-Poller, Corporation Counsel, Kingston (Matthew M. Jankowski of counsel), for respondents.

Aarons, J.
Appeal from that part of a judgment of the Supreme Court (Richard Mott, J.), entered November 3, 2021 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review certain amendments to the City of Kingston Zoning Ordinance adopted by respondents.
This is another appeal concerning a plan to develop certain parcels of land within the City of Kingston, Ulster County (see Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d 1043 [3d Dept 2023]; Matter of 61 Crown St., LLC v City of Kingston Zoning Bd. of Appeals, 211 AD3d 1134 [3d Dept 2022]; Matter of 61 Crown St., LLC v New York State Off. of Parks, Recreation & Historic Preserv., 207 AD3d 837 [3d Dept 2022]; 61 Crown St., LLC v City of Kingston Common Council, 206 AD3d 1316 [3d Dept 2022], lv denied 39 NY3d 904 [2022]). As relevant here, under previous provisions of the Code of City of Kingston, residential development in an area known as the mixed-use overlay district (hereinafter MUOD) was allowed by a special use permit. The prior code also required that any residential development in the MUOD with five or more housing units have at least 20% of the housing units be affordable housing. In February 2021, respondent City of Kingston Common Council (hereinafter respondent) adopted certain amendments to the code. One amendment permitted residential development in the MUOD as of right, as opposed to requiring a special use permit (see Code of City of Kingston § 405-27.1 [B], as amended by Common Council of City of Kingston Resolution No. 23 of 2021 § 1). Another amendment lowered the affordable housing requirement from 20% to 10%, with this requirement now applying citywide (see Code of City of Kingston § 405-8 [A] [1], as added by Common Council of City of Kingston Resolution No. 23 of 2021 § 1). In the resolution adopting these amendments, respondent found that the amendments were "unlisted actions" under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and that "no further environmental review is required."
Petitioners thereafter commenced this CPLR article 78 proceeding seeking to annul respondent's adoption of the code amendments. In particular, petitioners alleged that respondent failed to comply with the procedural mandates of SEQRA and that respondent failed to take the requisite hard look when adopting the amendments. Respondents joined issue and asserted lack of standing as one of their objections in point of law. Supreme Court rejected respondents' lack of standing objection. As to the merits, the court granted the petition to the extent of annulling the code amendment pertaining to the affordable housing requirement and otherwise dismissed the petition. Petitioners appeal from that part of the judgment that dismissed their petition.
As an initial matter, respondents contend that petitioners lack standing and ask that the petition be dismissed in its entirety on that basis. Because Supreme [*2]Court partially granted the petition, it granted certain relief that had been opposed by respondents. As respondents were aggrieved by the judgment, they could have served and filed a notice of appeal therefrom (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]). Respondents, however, failed to do so and, under the circumstances of this case, cannot be awarded affirmative relief in the context of petitioners' appeal (see Hecht v City of New York, 60 NY2d 57, 64 [1983]). In other words, respondents cannot rely on lack of standing to reverse that part of the judgment that annulled the code amendment related to the affordable housing requirement.
Notwithstanding the foregoing, respondents can argue lack of standing as an alternative ground for affirmance (see Matter of Town of Mamakating v Village of Bloomingburg, 174 AD3d 1175, 1177 n 2 [3d Dept 2019]). In this regard, petitioners' notice of appeal specifically limited the appeal to that part of the judgment that dismissed the petition — i.e., the part that did not annul the code amendment related to the MUOD. Based on this express limitation, our jurisdiction is, for the most part, confined to examining whether Supreme Court's partial dismissal of the petition was correct (see Hecht v City of New York, 60 NY2d at 61). Accordingly, to the extent that respondents assert that this partial dismissal should be affirmed, they may advance their lack of standing argument.
That said, "[f]or purposes of standing, when a property owner challenges the SEQRA review process undertaken in conjunction with a zoning enactment to which its property is subject, ownership of the subject property confers a legally cognizable interest in being assured that [the respondent] satisfied SEQRA before taking action to rezone its land" (Matter of Troy Sand & Gravel Co., Inc. v Town of Sand Lake, 185 AD3d 1306, 1308 [3d Dept 2020] [internal quotation marks and citations omitted], appeal dismissed 36 NY3d 943 [2020], lvs denied 36 NY3d 913 [2021]; see Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529-530 [1989]; Matter of Rossi v Town Bd. of Town of Ballston, 49 AD3d 1138, 1142 [3d Dept 2008]). Petitioners alleged that they each own property within the MUOD, which is the area targeted by Code of City of Kingston § 405-27.1 (B), as amended. In view of these allegations, petitioners have standing to challenge the zoning amendment at issue (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687-688 [1996]; Matter of Wir Assoc., LLC v Town of Mamakating, 157 AD3d 1040, 1044 [3d Dept 2018]).
As to the merits, judicial review of a SEQRA determination is limited to whether the lead agency — here, respondent — identified the pertinent areas of environmental concern, took a hard look at those areas and made a reasoned elaboration of the basis for its determination (see Matter of Mombaccus Excavating, Inc. v Town of Rochester, N.Y., 89 AD3d 1209, 1210 [3d Dept [*3]2011], lv denied 18 NY3d 808 [2012]; Matter of Mirabile v City of Saratoga Springs, 67 AD3d 1178, 1180 [3d Dept 2009]). "The court's function is to assure that the agency has satisfied SEQRA, procedurally and substantively, not to evaluate data de novo, weigh the desirability of any particular action, choose among alternatives or otherwise substitute its judgment for that of the agency" (Matter of Town of Amsterdam v Amsterdam Indus. Dev. Agency, 95 AD3d 1539, 1543 [3d Dept 2012] [citations omitted]; see Matter of Village of Ballston Spa v City of Saratoga Springs, 163 AD3d 1220, 1223 [3d Dept 2018]). The lead agency's determination may be annulled where it "is affected by an error of law, or its decision was not rational, or is arbitrary and capricious" (Matter of Merson v McNally, 90 NY2d 742, 752 [1997] [internal quotations marks and citation omitted]).
Respondents maintain that Supreme Court correctly characterized the action as type II, for which no further environmental review was required, and that any misclassification was harmless (see e.g. Matter of Ahearn v Zoning Bd. of Appeals of Town of Shawangunk, 158 AD2d 801, 803-804 [3d Dept 1990], lv denied 76 NY2d 706 [1990]; Matter of Jaffee v RCI Corp., 119 AD2d 854, 855 [3d Dept 1986], lv denied 68 NY2d 607 [1986]). We disagree. Because the MUOD code amendment was neither a type I nor a type II action, it is an unlisted action (see 6 NYCRR 617.2 [al]; Matter of Di Veronica v Arsenault, 124 AD2d 442, 443 [3d Dept 1986]). The MUOD code amendment made new residential construction in the MUOD permissible as of right, as opposed to requiring a special use permit (see Code of City of Kingston § 405-27.1 [B], as amended by Common Council of City of Kingston Resolution No. 23 of 2021 § 1). With that distinction, the MUOD code amendment, contrary to respondents' position, is not a mere interpretation within the meaning of 6 NYCRR 617.5 (c) (37) and, therefore, does not qualify as a type II action. Nor, for that matter, does the MUOD code amendment constitute a type I action under 6 NYCRR 617.4 (b) (2), as petitioners assert, for it did not change the allowable uses within the MUOD. In this regard, new residential construction was already permitted in the MUOD, albeit previously pursuant to a special permit.
Notwithstanding the foregoing, as mentioned, the resolution adopting the affordable housing and MUOD code amendments stated that "the amendments . . . are unlisted actions under SEQRA and that no further environmental review is required." The parties do not dispute the inconsistency in this statement given that unlisted actions do require a level of environmental review. Indeed, in their brief, respondents note that this statement was incorrect and inconsistent. In view of this, respondent's resolution, to the extent that it adopted the amended Code of City of Kingston § 405-27.1 (B), must be annulled and the petition granted in its entirety (see Matter of Troy Sand & Gravel Co., Inc. v Town of [*4]Nassau, 82 AD3d 1377, 1379 [3d Dept 2011]; Matter of Brew v Hess, 124 AD2d 962, 964 [3d Dept 1986]).
Lynch, J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, with costs, by reversing so much thereof as partially dismissed the petition; petition granted in its entirety; and, as so modified, affirmed.