Matter of 61 Crown St., LLC v City of Kingston Common Council (2023 NY Slip Op 05562)

Matter of 61 Crown St., LLC v City of Kingston Common Council

2023 NY Slip Op 05562

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

535239
[*1]In the Matter of 61 Crown Street, LLC, et al., Appellants,
v
City of Kingston Common Council et al., Respondents, et al., Respondents.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Rodenhausen Chale & Polidoro LLP, Rhinebeck (Andrew L. Lessig of counsel), for appellants.
Barbara Graves-Poller, Corporation Counsel, Kingston (Johnathan Clark of counsel), for City of Kingston Common Council and others, respondents.
Couch White, LLP, Albany (Blake C. Saunders of counsel), for JM Development Group LLC and others, respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Richard Mott, J.), entered March 23, 2022 in Ulster County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted certain respondents' motion to dismiss the amended petition/complaint against them.
This appeal entails the latest challenge in the litigation pertaining to the redevelopment of certain parcels of land within the Kingston Stockade Historic District located in the City of Kingston, Ulster County, referred to as the Kingstonian Project (hereinafter the project) (see Matter of 61 Crown St., LLC v Ulster County Industrial Development Agency, ___ AD3d ___ [3d Dept 2023] [decided herewith]; Matter of 61 Crown St., LLC v City of Kingston Common Council, 217 AD3d 1144 [3d Dept 2023]; Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d 1043 [3d Dept 2023]; Matter of 61 Crown St., LLC v City of Kingston Zoning Bd. of Appeals, 211 AD3d 1134 [3d Dept 2022]; Matter of 61 Crown St., LLC v New York State Off. of Parks, Recreation & Historic Preserv., 207 AD3d 837 [3d Dept 2022]; 61 Crown St., LLC v City of Kingston Common Council, 206 AD3d 1316 [3d Dept 2022], lv denied 39 NY3d 904 [2022]). Particularly relevant to this proceeding is the construction of a pedestrian bridge and development of a public plaza that are slated to encroach onto Fair Street Extension, a public road located between Schwenk Drive and North Front Street.
In connection with these aspects of the project, respondent Mayor of the City of Kingston, requested that respondent City of Kingston Common Council authorize the partial abandonment of Fair Street Extension along with the conveyance of easements to allow construction of these features to occur and to allow the Mayor to execute the documents related thereto. Prior to a scheduled meeting concerning the Mayor's request, petitioners filed an initial petition/complaint and, at the same time, moved for a temporary restraining order to bar the Common Council from approving the conveyance. The Common Council eventually amended and passed Resolution 215, omitting the abandonment of Fair Street Extension, which would be addressed at a later meeting.[FN1]
Petitioners thereafter filed an amended petition/complaint, alleging that the Common Council acted without authority in passing the resolution authorizing the easements, that any proposal to discontinue the use of Fair Street Extension required a referral to the City of Kingston Planning Board pursuant to General City Law § 29 thus rendering the conveyance of the easements invalid, that the easements amounted to unconstitutional gifts of public property to a private entity and that the description of the easements was overly broad. In response, the Common Council, Mayor and respondent City of Kingston Department of Public Works (hereinafter collectively referred to as the municipal respondents) moved to dismiss the amended petition/complaint on the basis that petitioners [*2]lacked standing and, even if they did possess standing, that their claims lack merit. Respondents JM Development Group, Herzog Supply Co., Inc., Kingstonian Development, LLC and Patrick Page Holdings, L.P. (hereinafter collectively referred to as the developers) separately opposed the amended petition on similar grounds. Supreme Court ultimately granted the municipal respondents' motion and dismissed the amended petition/complaint in its entirety, finding, in relevant part, that petitioners lacked standing to bring the claims. Petitioners appeal.
We affirm. Petitioners raise various contentions as to why they possess standing in this proceeding. Upon our review, we find each asserted basis unavailing. As has been well established at this stage in the extensive campaign of litigation, petitioners are the owners of various properties located within the Kingston Stockade Historic District. To this end, petitioners again seek to rely on the proximity of their properties to the project, which we have previously noted is insufficient to confer standing beyond the zoning context (see Matter of 61 Crown St., LLC v New York State Off. of Parks, Recreation & Historic Preserv., 207 AD3d at 840; cf. Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d at 1045-1046). Further, petitioners rely on the same assertions of particularized harm to their properties — namely, traffic concerns flowing from the project and potential economic impacts to their respective businesses — that have been deemed insufficient in numerous past proceedings. These assertions again fall short of the required showing that petitioners will suffer some unique non-conjectural harm (see Matter of Diederich v St. Lawrence, 78 AD3d 1290, 1292 [3d Dept 2010], lv dismissed & denied 17 NY3d 782 [2011]; Matter of Lee v New York City Dept. of Hous. Preserv. & Dev., 212 AD2d 453, 454 [1st Dept 1995], lv dismissed & denied 85 NY2d 1029 [1995]; compare Matter of Boise v City of Plattsburgh, 219 AD3d 1050, 1055 [3d Dept 2023]) that implicates the zone of interests pertaining to the provisions of law at issue (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 415 [1987]; 61 Crown St., LLC v City of Kingston Zoning Bd. of Appeals, 211 AD3d at 1137-1138; Matter of Long Is. Pure Water, Ltd. v New York State Dept. of Health, 209 AD3d 1128, 1130 [3d Dept 2022], lv denied 39 NY3d 911 [2023]; Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth., 19 AD3d 284, 286 [1st Dept 2005], lv dismissed 5 NY3d 878 [2005]; compare Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d at 1043).
We also reject petitioners' contention that they qualify for standing pursuant to General Municipal Law § 51. Relevant to the easements provided in Resolution 215, petitioners contend that the Common Council improperly gifted the land to the developers. However, petitioners' claim distills to an assertion that the Common Council failed to adequately [*3]assess the value of the public benefits derived from the project specific to the area affected by the easements — i.e., the pedestrian plaza, bridge and commitment to maintain the area in perpetuity — and is insufficient to establish that the conveyances constituted waste (see Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1056 [3d Dept 2006], lv dismissed 7 NY3d 844 [2006]). Moreover, petitioners' various allegations of procedural infirmities, to the extent they are implicated by Resolution 215, "do not constitute an illegality that imperils the public interests, in the sense of using public property for entirely illegal purposes, that could sustain an action pursuant to General Municipal Law § 51" (Matter of Aklog v Town of Harrison, 219 AD3d 605, 607 [2d Dept 2023]; see Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014, 1016 [1983]; Amalgamated Dwellings, Inc. v Dergosits, 173 AD3d 599, 599 [1st Dept 2019]; Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d 942, 946 [2d Dept 2019]).[FN2]
Finally, petitioners cannot successfully assert common-law taxpayer standing to bring the claims at issue in this proceeding. Common-law taxpayer standing does not "permit challenges to the determinations of local governmental officials having no appreciable public significance beyond the immediately affected parties," based upon the underlying principle that "the Legislature has seen fit to confer general taxpayer standing to challenge the actions of local governmental officials in only limited situations" (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410-411 [2000]; see General Municipal Law § 51). To this end, the doctrine exists "as a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action" (Matter of Vector Foiltec, LLC v State Univ. Constr. Fund, 84 AD3d 1576, 1578 [3d Dept 2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 716 [2011]). As we have already noted, petitioners' claim that the easement was an unconstitutional gift necessarily implicates the discretionary assessment made by the Common Council concerning the value of the public benefits derived rather than the lack of authority to make the conveyance, which does not give rise to common-law taxpayer standing (compare Leichter v Barber, 88 AD2d 1029, 1030 [3d Dept 1982]). Although petitioners contend that a failure to accord them standing would erect an impenetrable barrier to judicial review, they concede that the owners of the property abutting Fair Street Extension are directly affected by the resolution at issue and the conveyance of the easements. As framed by petitioners, however, the municipal respondents' actions are insulated from judicial review because those owners intend to convey their [*4]respective properties to the developers and, therefore, would have no reason to challenge Resolution 215. To this end, the mere fact that a party that could assert standing lacks any motivation to do so does not in turn convey standing to others who do not otherwise have a tangible interest in the government conduct at issue (see Matter of Transactive Corp. v New York State Dept. of Social Services, 92 NY2d 579, 589 [1998]; Matter of Humane Socy. of U.S. v Empire State Dev. Corp., 53 AD3d 1013, 1017 [3d Dept 2008], lv denied 12 NY3d 701 [2009]). Moreover, petitioners have been accorded standing in various other challenges to the project, reflecting that the rejection of standing in this proceeding would not insulate the actions of the municipal respondents pertaining to the project from any judicial scrutiny by taxpayers (see Matter of Aklog v Town of Harrison, 219 AD3d at 607; see also Rudder v Pataki, 93 NY2d 273, 280 [1999]; E.W. Howell Co., LLC v City Univ. Constr. Fund, 149 AD3d at 480-481). With that in mind, we find that the conveyance of easements, which represents only one aspect of the project as a whole, does not concern an important government action that falls within the ambit of common-law taxpayer standing (see Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d at 410-411; Matter of Feminists Choosing Life of N.Y., Inc. v Empire State Stem Cell Bd., 87 AD3d 47, 50-51 [3d Dept 2011]; Matter of Vector Foiltec, LLC v State Univ. Constr. Fund, 84 AD3d at 1578-1579; compare Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 690-691 [2d Dept 2014], lv denied 25 NY3d 914 [2015]). Altogether, we find no justification to disturb Supreme Court's determination that petitioners lack standing to raise the claims in their petition. The parties' remaining contentions have been considered and are either rendered academic by our decision or are otherwise without merit.
Garry, P.J., Egan Jr., Aarons and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: In its decision accompanying the judgment on appeal, Supreme Court took judicial notice of a subsequent resolution passed in February 2022 after a public hearing, that, among other things, formalized the discontinuance of vehicular traffic over Fair Street Extension. Petitioners, among others, challenged that resolution in a separate proceeding, which was subsequently dismissed. Petitioners filed a notice of appeal from that judgment, however, their appeal was dismissed based upon their failure to perfect. To this point, we note petitioners' contention in their reply brief that the February 2022 resolution that partially abandoned Fair Street Extension is not at issue in this proceeding. We agree, as the resolution at issue in this proceeding did not discontinue the use of Fair Street Extension; rather, the express language in Resolution 215 approved the conveyance of easements over Fair Street Extension contingent upon the future partial closure of said road.

Footnote 2: Petitioners' belated assertion of standing pursuant to State Finance Law § 123-b is without merit, as petitioners' claims do not concern "the actual expenditure of money" by the State (E.W. Howell Co., LLC v City Univ. Constr. Fund, 149 AD3d 479, 480 [1st Dept 2017], lv denied 29 NY3d 914 [2017]; see Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 588-589 [1998]; Matter of Barrett Paving Materials, Inc. v New York State Thruway Auth., 184 AD3d 1173, 1175 [4th Dept 2020], lv denied 35 NY3d 916 [2020]).