Matter of Buenos Hill Inc. v Saratoga Springs Planning Bd. (2025 NY Slip Op 04064)

Matter of Buenos Hill Inc. v Saratoga Springs Planning Bd.

2025 NY Slip Op 04064

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-24-0647
[*1]In the Matter of Buenos Hill Inc., Appellant,
v
Saratoga Springs Planning Board et al., Respondents, and New York State et al., Respondents.

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Fisher, Powers and Mackey, JJ.

Law Office of William R. DiCenzo, Jackson Heights (William R. DiCenzo of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for New York State and others, respondents.

Garry, P.J.
Appeal from an amended judgment of the Supreme Court (Richard Kupferman, J.), entered March 4, 2024 in Saratoga County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motion to dismiss the amended petition/complaint against them.
Marihuana continues to be classified as a Schedule I controlled substance under the Controlled Substances Act (hereinafter CSA), meaning that, subject to almost no exception, it is unlawful, under federal law, for any person to knowingly or intentionally manufacture, distribute, dispense or possess it (see 21 USC §§ 812 [a], [b] [1]; Schedule I [c] [10]; 841 [a] [1]; 844 [a]; see generally Gonzales v Raich, 545 US 1, 10-15 [2005]). Nevertheless, a majority of states now allow medical and/or recreational use of marihuana, and, over the past 20 years, the federal government has come to "tolerate[ ]" such local use, including by prohibiting federal funds from being used to prosecute individuals who comply with state laws authorizing same (Standing Akimbo, LLC v United States, ___ US ___, ___, 141 S Ct 2236, 2236-2237 [2021] [Thomas, J., respecting denial of certiorari]).
In March 2021, New York passed the Marihuana Regulation and Taxation Act (see L 2021, ch 92), which created the Cannabis Law and attendant administrative entities to regulate, control and tax adult-use, medical and hemp cannabis (see Cannabis Law § 2; L 2021, ch 92, § 2). As relevant to this appeal, the Cannabis Law permits adults 21 years of age or older to use and possess marihuana in moderate amounts (see Cannabis Law § 3 [6]; see also Penal Law § 222.05 [1]), and local businesses may apply for a retail dispensary license and/or on-site consumption license to sell marihuana for such use (see Cannabis Law §§ 72, 77). Municipalities wishing not to have such establishments within their jurisdiction were provided a nine-month window following the enactment in which to adopt a local law to that end (see Cannabis Law § 131 [1]). Those that did are authorized to repeal their prohibition at any time, but those that elected not to opt-out within the period provided for may no longer do so (see Cannabis Law § 131 [1], [2]).
Petitioner is the owner of real property located within the City of Saratoga Springs, Saratoga County, a municipality that did not exercise its right to opt-out of the state's new marihuana licensing scheme.[FN1] In September 2023, petitioner commenced this hybrid CPLR article 78 proceeding and action for declaratory judgment alleging that its property use had been harmed by the issuance of a special use permit for the operation of a marihuana dispensary at a nearby property. In addition to challenging the action of respondent Saratoga Springs Planning Board and the City's new Unified Development Ordinance, petitioner sought declarations that the CSA preempts the Cannabis Law and its accompanying regulations (see US Const, art VI, cl 2) and that the law's limited opt-out [*2]window is violative of the home rule protection afforded to local governments by the NY Constitution (see NY Const art IX). Respondent State of New York and other state respondents moved, pre-answer, to dismiss the declaratory judgment claims, arguing that petitioner has no private right of action under the CSA and that its claims are nevertheless without merit. Supreme Court granted the motion, agreeing that petitioner lacked standing to advance its preemption argument and finding petitioner's home rule argument to be unripe. Petitioner appeals.
With respect to the issue of preemption, petitioner concedes that it has no private right of action through which to enforce the CSA and instead maintains that its standing to challenge the Cannabis Law is derived from its status as a state taxpayer.[FN2] Referred to as common-law taxpayer standing, the Court of Appeals has "fashioned a remedy for taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when 'the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410 [2000], quoting Boryszewski v Brydges, 37 NY2d 361, 364 [1975]; see Matter of 61 Crown St., LLC v City of Kingston Common Council, 221 AD3d 1090, 1094 [3d Dept 2023]).
Declining to afford petitioner standing with respect to its claim of preemption will not insulate the Legislature's enactment of the Cannabis Law from judicial review. Indeed, this Court has reviewed a conflict preemption challenge regarding the CSA and the Cannabis Law (see Matter of Quigley v Village of E. Aurora, 193 AD3d 207, 210-211 [3d Dept 2021], lv denied 37 NY3d 908 [2021]).[FN3] To the extent that petitioner's argument may be construed as relying upon the State Finance Law, there is no identified "wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds" sufficient to invoke same (State Finance Law § 123-b [1]; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 813-814 [2003], cert denied 540 US 1017 [2003]; Schulz v Silver, 134 AD3d 1369, 1371 [3d Dept 2015], appeal dismissed 27 NY3d 959 [2016], lv denied 27 NY3d 1123 [2016]; Matter of Animal Legal Defense Fund, Inc. v Aubertine, 119 AD3d 1202, 1205 [3d Dept 2014]). Any examples of the use of state funds passingly noted for the first time in petitioner's reply brief are not properly before us (see Cedar Dev. E., LLC v Board of Educ. of the Onteora Cent. Sch. Dist., 229 AD3d 950, 953 [3d Dept 2024], lv dismissed & denied 43 NY3d 934 [2025]).
Assuming, without deciding, that petitioner has standing to seek the subject home rule declaration (see generally Matter of Town of Islip v Cuomo, 64 NY2d 50, 57 [1984]), we agree with Supreme Court that the cause of action is not yet ripe for a declaration as it alleges [*3]a future harm that may never come to pass (see Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519-520 [1986], cert denied 479 US 985 [1986]; American Ins. Assn. v Chu, 64 NY2d 379, 385-386 [1985], appeal dismissed & cert denied 474 US 803 [1985]). There is no indication, or claim, that Saratoga Springs, or any other municipality that declined to avail itself of Cannabis Law § 131 (1) within the statutory window to do so, now wishes to opt-out of the new licensing scheme. A declaration on this hypothetical matter would thus have no impact upon these parties, or any other identified individual or entity. Such a cause of action may be brought at a time when the anticipated harm is no longer contingent or is likely to have some direct impact on the litigants (see e.g. Wambat Realty Corp. v State of New York, 41 NY2d 490, 490-491 [1977]; Town of Black Brook v State of New York, 41 NY2d 486, 489 [1977]).
We therefore find that Supreme Court properly granted the subject motion. In light of our conclusion, petitioner's remaining contentions have been rendered academic.
Egan Jr., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the amended judgment is affirmed, without costs.

Footnotes

Footnote 1: According to petitioner, it has long-standing issues with respondent City of Saratoga Springs concerning the use of its property (see generally Matter of Buenos Hill, Inc. v City of Saratoga Springs, 223 AD3d 1030, 1031 [3d Dept 2024], lv denied 41 NY3d 909 [2024]).

Footnote 2: Petitioner also appears to argue, for the first time on appeal, that it has standing to seek its preemption declaration by virtue of its national citizenship. We reject that belated contention (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]; see also Matter of 61 Crown St., LLC v City of Kingston Common Council, 221 AD3d 1090, 1094 n 2 [3d Dept 2023]). Any argument originally advanced that petitioner's status as a property owner confers standing with respect to the declarations sought has been abandoned (cf. Matter of Diederich v St. Lawrence, 78 AD3d 1290, 1292 n 2 [3d Dept 2010], appeal dismissed 17 NY3d 782 [2011]).
Footnote 3: Without passing judgment on the matter, we further observe that other courts have found plaintiffs to have standing to raise similar arguments (see e.g. Cannabis Impact Prevention Coal., LLC v New York State Cannabis Control Bd., ___ Misc 3d ___, ___, 229 NYS3d 854, 863-864 [Sup Ct, Albany County 2025]; Cannabis Impact Prevention Coalition, LLC v Hochul, 85 Misc 3d 827, 837-840 [Sup Ct, Albany County 2024]).